TALBOTT v. HAMILL, Appellant.

Division Two, July 3, 1899. *

1. **Will:** LIFE ESTATE: CONDITION: USE AS HOME. The will said: "It is my will that my home farm be held by my beloved wife during her natural lifetime, *for a home for her and my children,*" and in another clause said: "Should my wife die before my youngest child becomes of age, it is my will that the property before mentioned shall not be sold till the youngest child becomes of age. It is my will that said property be sold and divided between all my children equally." The widow married again, moved to another State, and sold her interest in the farm, the plaintiff at the time his mother left the farm being a minor. *Held,* that the will created a life estate in the widow in the whole farm, and the words, "for a home for her and my children," did not limit that estate, nor was it forfeited by the fact that she ceased to occupy the farm as a home for herself and her children.

2. ———: ———: ———: COTENANTS: REMAINDER. This will did not make cotenants of the widow and her children, but vested her with a life estate in the whole farm, and the remainder in the children.

3. ———: ———: ———: PREMATURE ACTION: EJECTMENT. And as the purchaser from her took whatever interest she had in the land, the children could not maintain ejectment against him till after her death, and as she was still living when this suit was instituted, it was prematurely brought.

*Appeal from Nodaway Circuit Court.*—Hon. C. A. ANTHONY, Judge.

REVERSED.

WILLIAM C. ELLISON for appellant.

(1) In the will under consideration, the word "children" means such children as remain at the parental home and submit themselves to parental control, and the words "for a

*NOTE.—Decided June 15, 1899. Motion for rehearing filed. Denied July 3.

home for her and my children," at most, limit the life estate in the widow to a use for a home, only so long as the children are under parental care and continue to reside on the "home farm." (2) Whatever construction may be adopted, it is quite certain the plaintiff, being twenty-six years old, and having abandoned the farm as a home for six years before he commenced his suit, the interest he took under the provisions of the will has long since expired and not until the death of the mother, can he assert any right. 1 Perry on Trusts (4 Ed.), sec. 118.

GROWNEY & GROWNEY and J. B. NEWMAN for respondent.

(1) By the clause of the will in question, no active duties were required of the wife, and the use or trust implied was simple or passive and vested the estate conveyed in the *cestuis que trust* as a class, as tenants in common during the life of the widow. R. S. 1889, sec. 8833; Perry on Trusts (4 Ed.), secs. 298 and 306; 2 Minors' Institutes, secs. 180, 962 and 963; 27 Am. and Eng. Enc. Law, pp. 107, 108, 117, 118, 124, 910 and 911; Fleming v. Ray, 12 S. E. Rep. 944. (2) A passive trust or use, where the trustee has no active duty imposed on him, is executed by the statute of uses. Bowman v. Long, 26 Ga. 142; Simonds v. Simonds, 112 Mass. 157; Tappan's Appeal, 55 N. H. 317; Witham v. Brooner, 63 Ill. 344; Riehl v. Bingenheimer, 28 Wis. 84; O'Riley v. McKiernan, 13 S. W. Rep. 360; Pugh v. Hayes, 113 Mo. 424, 432; 3 Jarman on Wills (5 Am. Ed.), pp. 56 and 57. (3) Even if it were conceded that an active trust was created by the will and active duties assigned the wife to maintain a home for herself and testator's children, yet when the widow married and moved to Ohio to live, and sold the "home farm" and put a stranger in the actual and adverse possession, hostile to testator's children, the trust would cease and terminate and the estate become vested in wife and children as tenants in common,

during life of widow.      Perry on Trusts, secs. 259, 260 and 920; Colton v. Colton, 6 Am. Prob. Rep. 11; Major v. Herndon, 78 Ky. 123; 27 Am. and Eng. Ency. of Law, 119 and 124. (4) In construing the clause of the will in question, the intention of the testator shall control, as the same may be gathered from the whole instrument, the subject-matter and the surrounding circumstances.      R. S. 1889, sec. 8916; 2 Minor's Institutes, pp. 962 and 963; Hall v. Stephens, 65 Mo. 677; Small v. Field, 102 Mo. 104, 122; Nichols v. Boswell, 103 Mo. 151; Long v. Timms, 107 Mo. 512, 519; Murphy v. Calin, 113 Mo. 117.

BURGESS, J.—This is an action of ejectment by plaintiff to recover the possession of an undivided tenth part of a large tract of land in Nodaway county, of which plaintiff's father, Dr. Perry H. Talbott, was the owner, and upon which he and his wife and children resided at the time of his death in October, 1880.

The petition is in the usual form and the answer a general denial.      The case was tried to the court, a jury being waived.      Plaintiff recovered judgment for one undivided twelfth interest in the land, and $820 damages.      Defendant appeals.

Plaintiff is one of the children and heirs at law of Perry H. Talbott and claims title to the land in question under the provisions of a will duly executed by his father on the 18th day of September, 1880.      The provisions of the will bearing upon the issues involved in this litigation are as follows:

"First.      It is my will that my home farm and personal property be held by my beloved wife during her natural lifetime, for a home for her and my children."      .   .   .

"Third.      Should my wife die before my youngest child becomes of age, it is my will that the property before mentioned shall not be sold until my youngest child becomes of

age.  It is my will  that said property be  sold and divided be-
tween all of my children equally."

Some seven or eight years after  the  death  of  Perry  H.
Talbott, his widow, the mother of plaintiff, married a man  by
the  name  of Draper, and  moved to Ohio where she has since
resided.   When she left the farm all of the  Talbott  children
were married except two, viz., Cicero and John, the plaintiff,
and  all  of  them  had  left home except these two who  were
then minors.

In 1890 the defendant acquired  by purchase the interest
of the widow and all of the children who were then of age, the
plaintiff retaining his  interest  derived from the will of his fa-
ther, and for which he prosecutes this suit.

Defendant asked and the court refused to declare the law
to be as follows:

1.    The court, sitting as a jury, declares the law to be
that  by  the  will  in  evidence,  the widow of deceased is now
seized of a life estate, and the  plaintiff  is  not  entitled  to  re-
cover.

2.    The court declares that  under the evidence, plaintiff
is not entitled to recover.

3.    The court declares the law to be that under  the  will
in evidence, the life estate is vested in the widow, subject to a
trust in the will raised, and the plaintiff is not  entitled  to  re-
cover in this action.

The question is, can the plaintiff, under the provisions of
the will, recover, during the lifetime of his mother, the inter-
est in the land devised to him by  the  will  against  defendant
who acquired title from her?

It is clear that by the provisions of the will  Mrs. Talbott
took a life estate in the land, and  unless  that  estate  is  made
conditional upon its use as a homestead  by  her  and  her  chil-
dren, by the words, "for a home for her and my children,"
plaintiff is not entitled to recover in this action nor will he be
during her lifetime.   These words do not, we think, qualify

the estate, nor was it forfeited because of the fact that she ceased to occupy it as a home for her and her children, or because of the fact that she sold and conveyed her interest therein to the defendant. She was not obliged at the risk of forfeiting her life estate in the land, to occupy it as a home for her and her children, but the words quoted, were only expressive of the wishes of the testator, and in no way imposed as a condition to the life estate granted to Mrs. Talbott, the occupancy of the land by her.

In discussing a similar subject in 1 Jarman on Wills (5 Am. Ed.), p. 694, it is said: "We are to consider whether in cases where words are added, expressing a purpose for which a gift is made, such purpose is to be considered obligatory. When the purpose of the gift is the benefit solely of the donee himself" [which is the case here after the children married and left], "he can claim the gift without applying it to the purpose, and that, it is conceived, whether the purpose be in terms obligatory or not."

In passing upon Crockett v. Crockett, 2 Phil. 553, the same author announces the rule to be that when property is by will left to the disposal of the wife for herself and children, the children do not become joint tenants, and their interest is subject to a life estate in the wife. [Id., p. 699.] "But here, as the case of precatory trusts, if the property is given in the first instance for the absolute benefit, or to be at the disposal of the donee, especially if such donee be the parent, no trust will be created by subsequent words showing that the maintenance of the children was a motive of the gift." [Id., p. 700.]

In Thorp v. Owen, 2 Hare 608, the testator, by his will, provided that everything during the life of his wife should remain as it was for her use and benefit and after her decease he gave his real estate to his male heir, and his personal estate to his children; adding that he gave the above devise to his wife, that she might support herself and her children according to

her discretion and for that purpose. It was held that the widow took an absolute interest for her life in the real estate.

The first clause of the will does not provide that the personal property and farm shall be held jointly by the wife and the children of the testator during the natural life of the wife, for a home for her and them, but that it shall be held by her during her natural life, for a home for her and the children of the testator. The possession was hers exclusively and she might at any time have rented or otherwise disposed of it during her lifetime.

This position seems to find support in the fact that the only restriction placed upon the alienation of the property is by the third clause of the will, by which it is provided that in the event of the death of the wife before the youngest child became of age that the property should not be sold until the last named event occurred, when it was to be sold and the proceeds divided equally among the testator's children. By taking these two clauses together there was we think a clear intention upon the part of the husband to give the whole of the property to the wife during her natural life with remainder to the children.

Under the statute the wife upon the death of her husband was entitled to the rents and profits of the farm until her dower was assigned, and as dower to one-third of the land during her natural life which she could dispose of by deed if she chose, and certainly the testator in this case did not intend to give his wife a less estate than she was entitled to by law, but that he did intend to enlarge such interest, and to give her the entire farm during her lifetime, and, it is equally clear that he did not intend to deprive her of the right to dispose of her life estate therein, for no such prohibitory clause is contained in the will. But plaintiff relies upon Bland v. Rhodes' Adm'r, 30 S. W. Rep. (Ky.) 957, as announcing an adverse rule, but this we think a misconception of the ruling in that case, and is authority for the position taken by us rather than

against it.   In that case the will provided that "I bequeath to my wife the house and lot upon which I now live   .   .   .   as a homestead for her and my children by her," and it was held that the wife took a life estate, with remainder to the testator's children by her.   The court said :   "It seems to be the general current of decisions in this State for quite a number of years to construe both wills and deeds made by husbands in favor of and to their wives and children, or to the wife for the use and benefit of herself and children, or to the wife in trust for the use and benefit of herself and children, all, in the absence of some express intent that they should hold differently, to indicate an intention that the wife should take a life estate, that she may thus manage and control the estate, and thereby raise and educate the children, the children taking at her death the remainder."

In Davis v. Hardin, 80 Ky. 672, it is said:   "When a husband makes provision for his wife and children, he should be presumed to do so· with the intention to give the whole to the wife for life, remainder to the children, unless a contrary intention is manifest from the terms of the provision, or from the facts and circumstances attending it."   While the question involved in these cases was as to whether the wife took a life or a fee simple estate in the land, they tend to show that under wills containing similar provisions to the will involved in this litigation, the wife takes the entire estate in the land during her natural life, with remainder in fee to the children of the testator.

The well established rule in regard to the construction of wills in this State is, that they must be so construed as to conform to the intention of the testator, and when this rule is observed there is no escape from the conclusion that the testator intended to give the farm to his wife for and during her natural life, for the benefit of herself and children, and this being the case she had the right to dispose of her life estate in

the land, which was acquired by defendant by the deed thereto from herself and husband.

We therefore reverse the judgment. GANTT, P. J., and SHERWOOD, J., concur.