NATALIE G. MANCHESTER, Appellee, v. E. C. LOOMIS, Administra-
tor, et al., Appellants.

IN RE ESTATE OF ELLA J. MANCHESTER.

**APPEAL AND ERROR:** Remand in Equity—Judgment—Undetermined
1   Issues. Issues which are within the pleadings in an equity cause,
but which are specially left undetermined by the appellate court on
appeal, necessarily call for a decision by the trial court in enter-
ing judgment on procedendo; and such decision is necessarily final
when no appeal is taken therefrom.

**CONTRACTS:** Construction—''In Value'' or ''In Kind.'' A contract
2   which provides that the first party to a contract shall, on the death
of the second party, inherit all of the *''property''* of said second

party, but also provides that said second party shall have the right, if she cares to exercise it, to dispose by will of not to exceed one third *"in value"* of her said property, very clearly evinces an intention, in case the second party does dispose by will of one third of her property, that the first party shall take two thirds *in value* of the property, and not two thirds *in kind*.

**WILLS: Rights of Legatees—Election Under Inconsistent Rights.** One who, by contract, is entitled, at the death of a deceased, to take *all* of the latter's property, or two thirds thereof in case the deceased exercises the reserved right to dispose by will of one third of the property, may, in case the deceased does so dispose of one third of the property, take, not only the two-thirds contract interest, but also a legacy granted by the deceased in the will, *even though the taking of the two-thirds interest will leave insufficient funds to pay all legacies in full.*

EVANS, J., dissents.

**WILLS: Rights of Devisees—Protecting Specific Devise of Real Estate.** A *specific* devise of real estate, made by a testator who has, by an ante-mortem contract, provided that two thirds in value of his property shall, at his death, pass to a named person, will not be encroached upon so long as other *nonspecific* bequests may be sequestered and thereby accumulate a fund sufficient to satisfy the contract beneficiary.

**EXECUTORS AND ADMINISTRATORS: Distribution of Estate—Apportionment of Costs in Probate.** Where a party has successfully established his paramount contract right to two thirds of the property of a deceased, the probate costs deductible from the gross value of the estate, in order to attain a basis for the computation of said two thirds share, should be the *usual* and *ordinary* costs of administration, and no more.

*Appeal from Wapello District Court.*—F. M. HUNTER, Judge.

NOVEMBER 20, 1923.

REHEARING DENIED APRIL 4, 1924.

THREE cases are submitted on one appeal: one an action in equity, to establish certain claimed rights under a contract; another, a proceeding in probate; and the third, a suit in equity, for the construction of a will. The court entered a decree in the first two mentioned cases, and dismissed the appeal in the last named one. All of the parties appeal.—*Reversed.*

*Sloan & Sloan* and *Jaques, Tisdale & Jaques,* for appellants.

*Roberts & Webber, McNett & McNett,* and *Work, Lewis & Work,* for appellees.

FAVILLE, J.—We are confronted by an abstract of more than 300 pages, and arguments totaling 389 pages. The appeal involves three cases, which are submitted on one appeal. Cross-petitions are filed, and pleadings imported by reference from one cause into another. A brief history of this somewhat complex situation is essential to an understanding of the questions presented for our determination on this appeal.

One J. C. Manchester died intestate, June 29, 1903, leaving surviving him his widow, Ella, and his son, Edward A., the latter being at the time married to the appellant herein, Natalie. On July 3, 1903, Edward and Natalie conveyed all of their interest in the property of the estate of J. C. Manchester to the surviving widow, Ella.

On January 6, 1908, the three parties, Ella, Edward, and Natalie, entered into a written contract, known in the record as Exhibit C. This instrument is set out in full in the opinion of this court in *Manchester v. Loomis,* 191 Iowa 554, to which reference is made, and which is essential to an understanding of the questions presented on this appeal.

In June, 1914, Edward died testate, survived only by his mother, Ella, and his wife, Natalie. His widow was sole beneficiary under his will.

In May, 1917, the mother died testate. Her will, executed December 24, 1914, six months after the death of Edward, is as follows:

"Last Will and Testament of Ella J. Manchester.

"I, Ella J. Manchester, being of sound mind and memory, do make and declare this to be my last will and testament.

"First. I desire that at my death all my just debts and funeral expenses be first paid out of any property of which I may die seized.

"Second. I will and bequeath to my daughter-in-law, the widow of my deceased son, E. A. Manchester, Natalie G. Manchester, the sum of ten thousand dollars ($10,000.00). This be-

quest is in addition to the half interest in 'Sevenacres' I have heretofore deeded to her, and the half interest in the hotel property that I have heretofore conveyed to her by bill of sale.

"Third. I will and bequeath to my sister, Mrs. Eva Frazier, of Ottumwa, Iowa, a certain note I hold signed by her husband, Z. A. Frazier, for four thousand dollars, dated Nov. 1, 1909. I also give and bequeath to my said sister the sum of ten thousand dollars ($10,000.00) in addition to the note above described.

"Fourth. I will and bequeath to my sister, Mrs. May Norfolk, of Ottumwa, Iowa, the use of and profits from the store property on East Second Street, being Lot 6 of Graves' Sub. of part of Block 13, in the original plat of the City of Ottumwa, Iowa, to have and to hold during her natural life; and at her death I desire that said property go to my niece Hazel Norfolk, the daughter of my said sister.

"Fifth. Subject to the above four clauses of this will, I give and bequeath all the rest and residue of all property of which I may die seized, real, personal and mixed, to my niece, Hazel Norfolk, of Ottumwa, Iowa."

She executed a codicil to this will, as follows:

"Paragraph 1. I hereby revoke Paragraph fourth of my said will, and make the following provision in lieu thereof:

"I will and bequeath to my niece, Hazel Norfolk, the store property on East Second Street, being Lot 6 of Graves' Sub. of part of Block 13, in the original plat of the City of Ottumwa, Iowa.

"Paragraph 2. I hereby revoke Paragraph sixth of my said will and provide in lieu thereof the following:

"I hereby nominate and appoint M. A. Roberts, of Ottumwa, Iowa, as executor of my last will and testament and of my estate.

"Paragraph 3. I further change and modify my said will as follows: It is my desire, and I so will and direct, that my said daughter-in-law, Natalie G. Manchester, shall have the use of the home, the 'Sevenacres,' with all its furnishings so long as she desires to use it as a home. And that after she ceases so to use it said property, so far as my interest therein is concerned, shall be governed by the other provisions of my will.

"Paragraph 4. I further modify my said will as follows: As soon as practicable after my death, I desire that my personal effects, such as clothing, jewelry and the like shall be divided among my said daughter-in-law, my sisters, Mrs. Eva Frazier, Mrs. May Norfolk and my niece, Miss Hazel Norfolk, as they may desire."

Loomis is the administrator of the estate of Ella Manchester, with will annexed.

In July, 1917, an action was brought by Natalie against Loomis, as administrator, seeking the establishment of Exhibit C, and praying that she might be adjudged thereunder to be the absolute owner of two thirds of the entire estate left by Ella. The trial court held that said Exhibit C was testamentary in character and void. An appeal was prosecuted to this court, and the decree of the trial court was reversed. *Manchester v. Loomis,* supra. After issuance of procedendo, the matter came on for hearing on the proper decree to be entered in pursuance to the opinion of this court.

On October 15, 1921, a decree was entered in said cause by Judge Vermilion, which we shall refer to hereafter as the "Vermilion decree." Said decree provided, in part, as follows:

"It is ordered and decreed that the decree of this court, rendered on or about the 24th day of December, 1918, in the above entitled cause, from which said appeal was taken, and found recorded in Judgment and Decree Record 46, at page 155, of the records of this court, be, and the same is hereby, set aside, canceled, annulled, and held for naught, and in lieu of said decree so annulled, the court does hereby further find, adjudge, and decree that the written instrument headed 'Agreement,' bearing date the 6th day of January, A. D. 1908, signed, executed, and acknowledged by Ella J. Manchester, Edward A. Manchester, and the plaintiff, Natalie G. Manchester, and recorded on the 7th day of May, 1917, in Record 108, at page 120, of the records of the recorder of deeds of Wapello County, Iowa, and referred to in the course of this litigation as Exhibit C, is a legal and valid contract, binding alike upon all the parties thereto, and upon their heirs, executors, representatives, and assigns, and by this reference thereto, and to the official record

in which the same is recorded, is made a part of this decree. * * * That all the property, real, personal, and mixed, of every kind, form, and nature, and wheresoever situated, of which the said Ella J. Manchester was seized or possessed, or which she had in her possession or under her control at the time of her decease, belonged to her estate, and constituted her estate: that is to say, all the property, real, personal, and mixed, which was owned and possessed by J. C. Manchester, husband of Ella J. Manchester, at the time of his decease, of which said Ella J. Manchester was seized, or which she had in her possession or under her control at the time of her decease, including all property, real, personal, and mixed, which Ella J. Manchester had received in exchange therefor, or for any part thereof, and to include also any property which represents the income or increase thereof, and which was in the possession or under the control of the said Ella J. Manchester at the time of her decease, the said property and assets being more particularly described and identified in the schedule of property and assets which were turned over to E. C. Loomis, administrator, with the will annexed, by M. A. Roberts, upon his resignation as executor, to which schedule reference is hereby made, and by this reference is made a part hereof, belonged to and constituted the estate of Ella J. Manchester, deceased, and is disposed of by said instrument Exhibit C and the said will of said Ella J. Manchester. That, by virtue of the terms and provisions of said Exhibit C, the said Edward A. Manchester, had he survived his mother, would have been entitled to take, hold, and possess as his own property, two thirds in value, but not in kind, of all the property belonging to the estate of Ella J. Manchester at the time of her death. That, by reason of the death of the said Edward A. Manchester before the decease of said Ella J. Manchester, the plaintiff, Natalie G. Manchester, under the terms and provisions of said Exhibit C became entitled, upon the death of said Ella J. Manchester, to take, hold, and possess in her own right, and as her own property, two thirds in value, but not in kind, of all the property, real, personal, and mixed, of every kind and character, and wheresoever situated, which her said husband would have taken, owned, and possessed and become entitled to upon the death of said mother, as hereinbefore described, em-

bracing the property described in the schedule last above referred to. It is further adjudged and decreed that the plaintiff is now entitled to have accounted to and paid over to her by defendant E. C. Loomis, administrator with the will annexed of the estate of Ella J. Manchester, deceased, two thirds in value of all of said property, real, personal, and mixed, in the possession and under the control of said Ella J. Manchester at the time of her death, which he, the said Loomis, executor, after his appointment, received from M. A. Roberts, his predecessor, and the proceeds of such thereof as has since been sold or disposed of, or the form of which has been changed or transmuted, together with the earnings, dividends, interest, income, and increase thereof, after the payment of any debts of said Ella J. Manchester and all costs and expenses of administration of her said estate. The reference made to property in the possession of Ella J. Manchester at the time of her death is not intended to include her purely personal belongings, such as her wardrobe, jewelry, books, keepsakes, and the like. It is further ordered, adjudged, and decreed that all questions as to the devise to the defendant Hazel M. Norfolk, of Lot Six (6) of Graves' Subdivision of part of Block Thirteen (13) in the original plat in the city of Ottumwa, Wapello County, Iowa, with all improvements thereon, and as to its increased value, if any, or the value at which it shall be considered, or when such devise becomes effective, and as to what extent Hazel M. Norfolk shall take therein, are not within the issues in this case, and are not affected in any way whatever by the provisions of this decree, but all questions in regard thereto and in regard to rents and rentals therefrom and as to its proportion of costs and expenses of administration, if any, are all left open for further adjudication and determination. It is further ordered and decreed that, within twenty days from the signing of this decree, the said E. C. Loomis, administrator, shall have prepared and filed with the clerk of this court a full, complete, and itemized statement and accounting of all the property and assets of every kind so turned over to him and put in his possession by said M. A. Roberts, his predecessor. * * * It is further ordered and adjudged that all questions involved in the settlement of the estate as to the legacy given to Natalie G. Manchester and as to all provisions in favor of Na-

talie G. Manchester under the terms of the last will and testament of Ella J. Manchester and the codicil thereto and as to the effect of her taking two thirds in value of the estate of Ella J. Manchester, deceased, and of her claiming the legacy in her favor and the provisions of the last will and testament and codicil of Ella J. Manchester, deceased, in her favor are left open for future adjudication and determination, and are not settled or decided by this decree. It is hereby ordered and directed that the defendant E. C. Loomis, administrator, shall pay out of the assets and property pertaining to the estate of Ella J. Manchester, deceased, one half of the taxable costs made in this court in this cause, and that the defendant Hazel M. Norfolk shall pay the other half of such taxable costs, the same to be taxed by the clerk; and judgment is hereby rendered therefor, with an execution awarded as to Hazel M. Norfolk. It is further ordered and decreed that this court does hereby retain jurisdiction of this case to make and enter such other and further orders and decrees therein as may be legal in the premises, and until all matters pertaining thereto have been fully and finally adjudicated and settled. To the foregoing decree, both the plaintiff and each of the defendants duly excepted at the time, and were given thirty days in which to prepare and have signed and filed, proper bills of exceptions.''

An appeal was taken from this decree to this court by Natalie and the legatee Eva Frazier. Later, Loomis, the administrator, and the legatee Hazel M. Norfolk filed in this court a motion to affirm the said decree and dismiss the appeal, for failure to file abstract within time. This motion was ordered submitted with the appeal in this cause, and is one of the matters for our consideration later in this opinion.

Subsequently, the legatees Norfolk and Frazier and the administrator, Loomis, filed additional pleadings in said cause. Also, the administrator filed his report in the matter of the estate of Ella J. Manchester, and objections were filed thereto.

The administrator also instituted a suit in equity, Cause No. 10896, wherein he asked the court to construe the will of the decedent, Ella J. Manchester, and direct him as to the distribution of the funds and property of said estate. By agreement, the then issues in the original suit and in the proceedings in pro-

bate were submitted together. Equity Cause No. 10896 was submitted on the same evidence. The court entered a decree in the original equity cause and an order in the probate proceedings, and dismissed Case No. 10896.

All parties appeal from all adverse holdings.

The decree in the equity suit was entered by Judge Hunter, and is referred to as the "Hunter decree," and we shall adopt such designation. The portion of said decree material to the questions involved in this appeal are as follows:

"And now the court, being fully advised in the premises, does find, adjudge, order, and decree as follows: That E. C. Loomis, administrator.with the will annexed of Ella J. Manchester, deceased, held in his possession, on the 24th day of January, 1922, the following property, of the kinds and values, to wit: [describing]* * * * Total in the hands of said administrator, $50,246.08, for distribution as of January 24, 1922, $50,246.08 in value, of which it is hereby ordered and adjudged the plaintiff, Natalie G. Manchester, is entitled to the undivided two thirds thereof, to wit, $33,497.39, less a credit of $10,000 paid to her February 4, 1922, which was paid under a written receipt that it should be without prejudice to the rights of any of the parties in the case, leaving a balance still due her of $23,497.39. It is further ordered and adjudged that, within thirty days from the signing of this decree, the said E. C. Loomis, administrator, etc., shall distribute and deliver over to said Natalie G. Manchester two thirds in kind of all the foregoing assets, to the amount and value, as aforesaid, of $23,497.39, save and except the following, to wit: One promissory note of $2,000, executed by the trustees of the estate of Peter G. Ballingall, deceased, of date on or about May 6, 1915, bearing six per cent interest, upon which the interest has been paid, as appears from the proof, up to May 6, 1917; and except, also, the aforesaid note or contract of $556.68 and interest, of N. G. Myers, in evidence; also, except the aforesaid note of Thomas F. Keefe, for $1,500 and interest, all of which are hereby ordered to be turned over by the said E. C. Loomis, administrator, to H. L. Pollard, of Ottumwa, Iowa, bond $2,000, who is hereby appointed receiver, to take and collect the same and to distribute the proceeds of said collections, less the aforesaid thereof, two thirds

to the said Natalie G. Manchester and one third to the administrator of the estate of Ella J. Manchester, deceased. It is further decreed that, as the said eight shares of the capital stock of the Ottumwa Savings Bank, of Ottumwa, Iowa, are not susceptible of exact division on the basis of two thirds to Natalie G. Manchester, and one third to the estate of Ella J. Manchester, and as the said plaintiff, Natalie G. Manchester, has offered to take six shares of said stock at the price fixed, of $250 a share, the said administrator is authorized to assign and transfer to the plaintiff six shares of said stock, on receipt from the said plaintiff of the cash difference between six shares at the value of $250 per share and two thirds of eight shares at $250 a share. It is further decreed that, inasmuch as a question may arise as to whether the said plaintiff may not be required to pay a collateral inheritance tax, under the laws of Iowa, for the two thirds in value of the property which she is entitled to take under Exhibit C, that, before the administrator shall transfer and turn over to her the property and assets hereinbefore directed to be transferred to her, she shall file a bond in the amount of three thousand dollars, with sureties to be approved by the clerk of this court, for the use and benefit of the administrator with the will annexed of the estate of Ella J. Manchester, deceased, the same to become effective to the extent of any collateral inheritance tax that may be legally assessed against her, or to be exonerated and held for naught in the event that it shall be legally held that she is not liable therefor; and said administrator is hereby directed to notify the treasurer of state for Iowa of the existence of said bond, and to call his attention to this decree. It is further ordered, adjudged, and decreed that the following items for which the said E. C. Loomis, administrator, takes credit in his said report, and to which the plaintiff has filed objections under the claim that her two-thirds interest in the property in the hands of Ella J. Manchester at the time of her death, and thereafter transferred to the said administrator, are not subject thereto, nor to any part thereof, which objections are hereby sustained, to wit: [particularly describing] * * * It is further decreed that the said E. C. Loomis, administrator, from the cash and assets belonging and pertaining to the estate of Ella J. Manchester, deceased, shall further pay to the said Natalie G. Manchester,

within 30 days from the signing of this decree, two thirds of the said sum of $4,699.93, or the sum and amount of $3,133.28. It is further found and decreed that the defendant Hazel M. Norfolk, between and including June, 1917, to and including January 9, 1922, has collected in the shape of rents from what is called in the record the Second Street property, to wit, Lot Six (6) of Graves' Subdivision of Block Thirteen (13), Original Plat, Ottumwa, Wapello County, Iowa, the sum of $4,642.50. It is further found that, between November 23, 1917, and November 8, 1921, the said defendant Hazel M. Norfolk has paid out, in the shape of taxes and insurance upon the said real estate, the sum and amount of $1,339.22, leaving a balance in her hands in the shape of rents, of $3,303.28, of which, it is hereby decreed, the plaintiff is entitled to two thirds, or $2,202.18. It is further found that, since January 9, 1922, there has accrued for the months of February and March, 1922, the sum of $200 rentals on said Second Street property, of which the plaintiff is entitled to two thirds, or $133.32. It is further found and adjudged that the plaintiff is entitled to recover from the said Hazel M. Norfolk six per cent interest per annum, at annual rests, upon two thirds of the rents collected by her from said Second Street property in each year, less the taxes, insurance, and repairs paid in the same year, up to and including March, 1922, amounting for her two thirds to $256.43, making a total of $2,591.93 due said Natalie G. Manchester from said Hazel M. Norfolk, for which judgment is hereby rendered in favor of the plaintiff and against the defendant Hazel M. Norfolk, and execution awarded therefor, and the same be and is hereby made a lien upon the interest of the said Hazel M. Norfolk in said Lot Six (6), Graves' Subdivision of Block Thirteen (13), Original Plat, Ottumwa, Wapello County, Iowa. It is further found, adjudged, and decreed that the plaintiff, Natalie G. Manchester, under the contract, Exhibit C, in evidence, is the owner and is legally entitled to an undivided two-thirds interest in said Lot Six (6), Graves' Subdivision of Block Thirteen (13), Original Plat, Ottumwa, Wapello County, Iowa, and that the said Hazel M. Norfolk, under the will and codicil of said Ella J. Manchester, deceased, in evidence, is entitled to the undivided one-third interest in said lot last above described, and is entitled to retain.

one third of the net income therefrom since the death of the said Ella J. Manchester, as her own property. (Appraisers and referees are appointed to appraise said property and report whether or not partition can be made.) * * * It is further found, adjudged, and decreed that, on the 29th day of July, 1914, Ella J. Manchester, being then the owner of the following described property, to wit, 'Sevenacres,' as shown by register of farm names A-1, page 24, of the records of Wapello County, Iowa, described as follows: Commencing at the southwest corner of the northwest quarter of the southwest quarter of Section seven (7), Township seventy-two (72), Range thirteen (13) west; thence east 482 feet to a point in the center of the highway; thence along the center of said highway north 2° 30′ east 325.9 feet; thence north 18° 30′ west 211.7 feet; thence north 80° 30′ west 438.5 feet, or to the range line; thence south along said range line 592 feet, or to the place of beginning, containing 6.12 acres, with all and singular the hereditaments and appurtenances thereunto belonging, deeded the undivided one-half interest therein to the plaintiff, Natalie G. Manchester, as appears from the deed of that date, in evidence as Exhibit E, whereby the said Natalie G. Manchester became and is now the owner of an undivided one-half interest in the said property last above described, commonly known in the record as 'Sevenacres.' It is further found and decreed that, under and by virtue of the contract known as Exhibit C in the record, and set out in the opinion of the Supreme Court in this case, found in 181 Northwestern Reporter 415 *et seq.*, the plaintiff, Natalie G. Manchester, is the owner in fee simple of two thirds of the other undivided one half of said 'Sevenacres' above described, and that, under the will and codicil of the said Ella J. Manchester, deceased, the defendant Hazel M. Norfolk is the owner in fee simple of the undivided one sixth of the 'Sevenacres' property above described, subject, however, to the life estate of the said Natalie G. Manchester, under the contract between the said Natalie G. Manchester and Ella J. Manchester, dated July 29th, 1914, in evidence as Exhibit D in this case. It is further found and decreed that the plaintiff has a life estate in the said one-sixth interest of Hazel M. Norfolk in and to said property, and is entitled to the possession of the said 'Sevenacres' property, and has

been from the date of the death of the said Ella J. Manchester, and that she is not accountable to anyone for any part of the rents and profits arising therefrom, which rents and profits she will be entitled to during her natural life, but as a life tenant of said one-sixth interest of said Hazel M. Norfolk, she is required to keep the insurable parts of said property insured, and to pay the taxes and repairs thereon, such as the laws of Iowa, as construed by the Supreme Court of Iowa, would impose upon a life tenant. It is further found and decreed that the residence on said 'Sevenacres' of ground, at the time of the death of the said Ella J. Manchester, contained certain household furniture and furnishings, which the court finds to be of the value of $2,000, two thirds of which is owned by the plaintiff, but as to the one third of such value, to wit, $666.66, she is hereby ordered and directed to pay the same over to the administrator of the estate of Ella J. Manchester, deceased, upon which payment she will be entitled to complete and full ownership of said household furniture and furnishings so in the residence on said 'Sevenacres' at the time of the death of said Ella J. Manchester. It is further ordered and decreed that the said Ella J. Manchester, at the time of her decease, held the legal title to the following described property in the city of Chicago, county of Cook, and state of Illinois, to wit: Lots Nineteen and Twenty (19 and 20) in Block Seventeen (17) in S. E. Gross' Calumet Heights Addition to South Chicago, being a subdivision of the southeast quarter of Section One (1), Township thirty-seven (37) north, of Range fourteen (14) east of the third (3rd) principal meridian, which the evidence shows to be of the value of $350, and in which it is ordered and decreed the plaintiff has and owns an undivided two thirds thereof. It is further ordered and adjudged that, at the time of decease of the said Ella J. Manchester, she held an undivided * * * interest in the following described real estate in Marion County, state of Arkansas, to wit: An undivided one-eighth (1/8) interest in the east one half (1/2) of the northeast one fourth (1/4) of the southeast one fourth (1/4) of Section twenty-four (24), Township eighteen (18), Range fifteen west, and northwest one fourth (1/4) of southwest one fourth (1/4) south one half of northwest one fourth (1/4) Section nineteen (19), Township eighteen (18), Range fourteen

(14) west of the fifth principal meridian, which the evidence shows to be of the value of $37.50, and in which the plaintiff is entitled to an undivided interest of two thirds. It is further ordered and adjudged that the plaintiff have and recover against the defendants E. C. Loomis, administrator with the will annexed of the estate of Ella J. Manchester, deceased, Eva Frazier, and Hazel M. Norfolk, judgment for costs in this case in the sum of * * * Be it further remembered and decreed that in this equity case, as also in Probate Case No.........., in the matter of the estate of Ella J. Manchester, deceased, wherein a decree has been rendered in this court contemporaneously with this decree, Hazel M. Norfolk and Eva Frazier filed pleadings in effect claiming that Natalie G. Manchester cannot take both under her said contract, Exhibit C, in evidence, and also under the will and codicil of Ella J. Manchester, in evidence; and to the same effect, that she cannot take both under her contract Exhibit D, and also under the said will and codicil of Ella J. Manchester, deceased, the said Eva Frazier alleging that said Exhibit C and Exhibit D in operation and effect are repugnant, and that Natalie G. Manchester may not claim and take both under said Exhibit C and Exhibit D. These issues as to the alleged legal duty of Natalie G. Manchester to elect the particular rights which she will claim and take are adjudged and determined in this equity case and in said probate case. And on the pleadings and evidence on said issues, the court finds, adjudges, and decrees that in this Chancery Case No. 9586, Natalie G. Manchester sued upon and claimed and has been awarded and now takes her property rights under said Exhibit C, and by decree of this court in this chancery case she has been awarded and claims and accepts all her property rights under the contract Exhibit D pertaining to the premises 'Sevenacres,' referred to in the decree. Now, therefore, and upon the pleadings and the evidence, the court orders, adjudges, and decrees that Natalie G. Manchester is not entitled to and cannot take the said legacy or any part thereof provided for her in the said last will of Ella J. Manchester, deceased, in evidence, to which holding and part of this decree the said Natalie G. Manchester duly excepted at the time, and now excepts. On the issue whether the said Exhibits C and D in legal operation and effect are

repugnant with each other, the court holds with Natalie G. Manchester and against the contention of Eva Frazier: that is, that Natalie G. Manchester may take under both Exhibits C and D and is not held to an election, as between the said exhibits.''

In the probate proceedings, the court entered an order, the material parts of which provide as follows:

''Be it further remembered that in this probate matter, as also in Chancery Cause No. 9586 in this court Hazel M. Norfolk and Eva Frazier filed pleadings in effect claiming that Natalie G. Manchester may not take both under her contract Exhibit C and also under the will of Ella J. Manchester, and to the same effect that she may not take both under her contract Exhibit D and also under the will of Ella J. Manchester, deceased, and Eva Frazier alleging that said Exhibit C and said Exhibit D in operation and effect are repugnant, and that Natalie G. Manchester may not claim and take both under the said Exhibit C and Exhibit D. These issues as to the alleged duty of Natalie G. Manchester to elect the particular right which she will claim and take are determined in this probate matter and in said Chancery Case No. 9586. And on the pleadings and evidence on said issues, the court finds, adjudges, and decrees: In Chancery Case No. 9586, Natalie G. Manchester sues upon and claims and has been awarded and now takes her property rights under Exhibit C, so-called, and by decree of this court in said chancery cause she has been awarded and claims and accepts all her property rights under the contract Exhibit D, so-called, pertaining to the premises 'Sevenacres,' referred to in the decree. Now, therefore, and upon the pleadings and the evidence, the court here orders, adjudges, and decrees that Natalie G. Manchester is not entitled to and cannot take the said legacy or any part thereof provided for her in the last will of Ella J. Manchester, deceased, to which holding and part of this decree the said Natalie G. Manchester duly excepted at the time, and now excepts. On the issue whether said Exhibit C and Exhibit D in operation and effect are repugnant with each other, the court holds with Natalie G. Manchester and against the contention of Eva Frazier: that is, that Natalie G. Manchester may take both under Exhibit C and Exhibit D, and is not held to an election of her rights as between said exhibits,—to which ruling

the said Eva Frazier excepts. It is further found, ordered, and adjudged that the defendant Eva Frazier, legatee under the last will and testament of Ella J. Manchester, deceased, is entitled to have and recover and to be paid out of the personal property belonging to the estate of Ella J. Manchester, deceased, her said legacy of $10,000, together with six per cent interest thereon, at annual rests, from June 22, 1918,— that is, for three years and seven months,—the interest amounting to $2,327.02, making a total on January 24, 1922, of $12,327.02, from which is to be subtracted the sum of $1,000 paid to her by said E. C. Loomis on February 4, 1922, which sum of $1,000 was paid under a written receipt; that it should be without prejudice to the rights of any of the parties in the case, leaving a balance still due her of $11,327.02. Said amount is to be paid and turned to her on or before May 1, 1922, after the signing of the decree. It is further found and adjudged that of the said interest charge of $2,327.02 there shall be paid out of the estate and property of Ella J. Manchester interest on the $10,000, at the rate of four and eight-tenths (4.8) per cent, amounting to $1,861.60, being a total to be paid out of the estate funds of $11,861.60, and that said E. C. Loomis, administrator with the will annexed, shall personally pay interest at the rate of one and two-tenths (1.2) per cent covering said period, or $465.50, for which judgment is hereby rendered in favor of Eva Frazier and against said E. C. Loomis, personally, and no part of which shall be paid out of the funds or property belonging to the estate of Ella J. Manchester, and execution is awarded therefor,—to which said E. C. Loomis excepts. * * * It is further found, ordered, and decreed that said Eva Frazier is entitled to take, have, own, and hold, under the last will and testament of Ella J. Manchester, deceased, as her own property, a certain note signed by her husband Z. A. Frazier, for $4,000, dated Nov. 1, 1909, being the same note referred to in the accounting report filed by E. C. Loomis, administrator, and part of the record in the cause. * * * It is further found, ordered, adjudged, and decreed that through and under the last will and codicil of Ella J. Manchester, deceased, the defendant Hazel M. Norfolk is entitled to take, have, and hold as her own property all the rest, residue, and remainder of the property, real, personal, and mixed, be-

longing and pertaining to the estate of said Ella J. Manchester, deceased, the same to be taken and held by her subject to such collateral inheritance tax as may be assessed against the property coming to her, under the statutes of Iowa. It is further adjudged that, inasmuch as the said Natalie G. Manchester has made no costs in this probate proceedings, that no part of the costs therein shall be taxed against her.''

I. The first question that concerns us in this appeal is the motion to affirm the Vermilion decree and dismiss the appeal therefrom, which was ordered submitted with this appeal. That appeal was taken by Natalie G. Manchester and the legatee Eva Frazier. The motion to dismiss and affirm is filed by the legatee Hazel M. Norfolk and E. C. Loomis, administrator. On the face of the record, the motion to dismiss the appeal from the Vermilion decree must be sustained. No abstract was filed, as required by Code Section 4120 and by Rule 39 of this court. We therefore are compelled to dismiss said appeal and affirm the Vermilion decree. It is so ordered.

The really vital question at this point, however, is the effect that must be given the Vermilion decree, assuming that the same is established as a verity. If it was a final decree, then its terms and provisions are binding on the parties as to all questions in issue and adjudicated thereby. It is contended, however, that it was merely an interlocutory order.

1. APPEAL AND ERROR: remand in equity: judgment: undetermined issues.

After procedendo from this court, Natalie G. Manchester made no change in the allegations or prayer of her petition, nor did the defendants amend their answer and counterclaim. In her original petition, Natalie G. Manchester set up Exhibit C, and claimed thereunder ''two thirds in value or kind'' of the entire estate of Ella J. Manchester, deceased. She prayed that her title to said two thirds be made definite and absolute in her. She also prayed:

''* * * That the court will decree an accounting between the plaintiff and the defendant E. C. Loomis, administrator with the will annexed, and the other defendants as to just what property, what kind and character of property and where situated, what character of property, whether real, personal, or mixed, of which the said Ella J. Manchester was seized in her own right

as the inheritor of one third of the property of her said husband, and as to the two thirds of said property and the accumulations thereon which the said Ella J. Manchester held and controlled at the time of her death, as trustee for this plaintiff, under the said contract Exhibit C.''

She asked also for general equitable relief.

The defendants alleged that Exhibit C was in conflict with the will of Ella; that Natalie had elected to accept under Exhibit C; that, if Exhibit C were enforced, it would disappoint the provisions of the will; and also:

''* * * That the claim set forth * * * is in derogation of the provisions thereof in the following particulars: (a) Because one third of the net assets of the estate of Ella J. Manchester, deceased, will not be sufficient to pay the legacies as provided therein, even though the legacies to plaintiff are excluded. (b) Because a recovery of two thirds of the assets of the estate of Ella J. Manchester under plaintiff's claim in said substituted petition will not leave sufficient net assets of her estate to satisfy and pay the legacies provided by her last will and testament and codicil. (c) Because the terms of said will and codicil and the intention of said Ella J. Manchester, deceased, as expressed therein will be defeated, at least in part, by recovery of any amount under her substituted petition, of the whole or any part of the amount therein claimed.''

The court below, and this court on appeal, passed upon the one question of the validity of Exhibit C, expressly reserving all other questions in issue from the adjudication. We said:

''What effect the prosecution of this suit may have upon her [Natalie's] right to take the legacy, or any part of it, is a question which was not passed upon by the trial court, and for that reason we shall not undertake to pass upon it. It is, accordingly, reserved from the adjudication, for whatever there may be in it. The mother was entitled to will one third of the property. The record indicates that she has willed more than one third of the property actually left by her at the time of her death. Whether the amount of her legacies was more than one third of the amount of her property at the time she made her will, is a question we shall not determine. What effect it may have upon the legacy to the plaintiff that the total legacies

exceed one third of the property is a question which we will not prejudge. These questions are all reserved from the adjudication.'' *Manchester v. Loomis,* 191 Iowa 554, at 571.

With issues so framed, and after the procedendo from this court had been filed, the matter came on for hearing, which resulted in the entry of the Vermilion decree. The court was required to hold, under the decision of this court, that Exhibit C was a valid instrument, not testamentary, but contractual in its character. This much of the decree was largely *pro forma.* We think it was also within the issues for the court to determine whether or not Natalie was to take under Exhibit C in value or in kind, in the estate of Ella.

The allegations of the petition in said action were that Natalie was entitled to two thirds ''in value or kind of all of the property in the estate of Ella J. Manchester, deceased;'' and the prayer of the petition, which we have quoted above, specifically sought to have the court determine, adjudge, and decree that the said Natalie was entitled to have and receive unto herself, in her own absolute right, the full two thirds in value or kind of said property, personal and real. The question was adjudicated by the ''Vermilion decree'' that Natalie was entitled to two thirds *in value* of the estate of the decedent, Ella, under the provisions of Exhibit C. We think that the Vermilion decree was, in this regard, a final decree. All of the parties were before the court. The question was fairly within the issues; and the decree establishing the validity of Exhibit C as a contract, in accordance with the opinion of this court, and determining that thereunder Natalie was entitled to two thirds in value of the estate of the decedent, Ella, was final, and not interlocutory. As bearing on the question, see *McMurray v. Day,* 70 Iowa 671; *Carter v. Davidson,* 73 Iowa 45; *Williams v. Wells,* 62 Iowa 740; *National Brake & Elec. Co. v. Christensen,* 258 Fed. 880; *Jones v. Wilson,* 54 Ala. 50; *Evans v. Dunn,* 26 O. St. 439.

It is now contended that, under the terms of Exhibit C, Natalie was to have a two-thirds interest in the ''property'' of the decedent, Ella, and that Exhibit C so provides; therefore,

2. CONTRACTS: construction: "in value" or "in kind." that she should take in kind. True, the word "property" is used in the instrument; but when it is construed as a whole, including the clause reserving to Ella the right to dispose of "not to exceed one third value of her said property," we do not think that it was intended that Natalie was to take thereunder in kind, and not in value. The question was within the scope of the issues upon which the Vermilion decree was based, and was to this extent final.

Furthermore, if we had this question before us as an original proposition for determination on this appeal, we would arrive at the same result as is announced in the Vermilion decree, to the effect that, under the terms and provisions of Exhibit C, Natalie was entitled to an undivided two thirds of the estate of the decedent, Ella, in value, and not in kind.

We hold, therefore, that the Vermilion decree was final in this regard, and also that the pronouncement so made was correct.

II. We next consider the question of election. The Hunter decree provides that Exhibit C and the bequest of a legacy of $10,000 to Natalie by the will of Ella are repugnant, and that

3. WILLS: rights of legatees: election under inconsistent rights. Natalie, having sought to enforce Exhibit C, has elected to take thereunder, and cannot also take said legacy under the will. The terms of the bequest in the will are as follows:

"I will and bequeath to my daughter-in-law, the widow of my deceased son, E. A. Manchester, Natalie G. Manchester, the sum of ten thousand dollars ($10,000.00). This bequest is in addition to the half interest in 'Sevenacres' I have heretofore deeded to her, and the half interest in the hotel property that I have heretofore conveyed to her by bill of sale."

It is not disputed that, with Exhibit C established as valid and enforcible, and with Natalie taking a two-thirds interest in value in the entire estate thereby, the remaining portion of the estate is insufficient to pay the specific legacies therein provided for, including the bequest of $10,000 to Natalie. Does this situation present a case of election, and can Natalie enforce Exhibit C and also take as a legatee under the will, under such circumstances?

To put it another way, it is contended that to uphold the bequest of $10,000 to Natalie and the bequest of $10,000 to the legatee Frazier and the devise to Norfolk would more than exhaust the estate, if Exhibit C is upheld. This condition of the estate is evidenced by the report of the administrator. It is contended that by the will the testatrix, Ella, in making the bequest to Natalie, attempted to dispose of property that already belonged to Natalie, under Exhibit C. If the testatrix attempted by this bequest to dispose of property that already had been disposed of to the beneficiary, by contract or otherwise, the legatee would undoubtedly be put to an election. That is to say, where there are two inconsistent demands, the acceptance of one is an election to waive the other. *Hainer v. Iowa Legion of Honor,* 78 Iowa 245; *Kostelecky v. Scherhart,* 99 Iowa 120; *Moran v. Moran,* 144 Iowa 451; *Hoit v. Hoit,* 42 N. J. Eq. 388.

It is apparent that the situation may be such as to necessarily require an election. The intention to raise an election may be manifested by the terms of the will itself, which may expressly give to the legatee a choice between two inconsistent rights. It may arise when such condition is not evidenced in the will, as where a donor attempts to dispose of property not his own. The important inquiry is to ascertain the intent of the testatrix, and this must appear from the will itself, viewed in the light of the circumstances and conditions surrounding the testatrix at the time of making the will.

In *Cameron v. Parish,* 155 Ind. 329, it is said:

"In order to create the necessity for an election, there must appear upon the face of the will itself, or of the other instrument of donation, a clear, unmistakable intention on the part of the testator or other donor to dispose of property which is, in fact, not his own. * * * It is the settled rule that no case for an election arises unless the gift to one beneficiary is irreconcilable with an estate, interest, or right which another donee is called upon to relinquish."

If the testatrix, Ella, had left a large estate, ample to pay the specific bequests, no question could fairly be urged as to any inconsistency between the terms and provisions of Exhibit C and the specific bequest to Natalie in the will. Exhibit C was executed on January 6, 1908. The will of Ella was executed

December 24, 1914; and the codicil is undated, but was evidently executed some time after July 29, 1914, the date on which the testatrix deeded one half of the "Sevenacres" property to Natalie.

The fact that the estate, at the time of the death of Ella, was insufficient to meet the bequests provided in the will, of necessity requires a scaling down of said bequests and a prorata apportionment among the several legatees; but there is no such inconsistency between the terms and provisions of Exhibit C and the bequest to Natalie under the terms and provisions of the will as required her to make an election.

We are forced to the conclusion that the trial court erred in decreeing that Exhibit C and the bequest in the will to Natalie were inconsistent and that she was compelled to elect between the two and that her action to secure the enforcement of Exhibit C was an election as between the same and the provisions of the will and that she could not participate as a legatee in the assets of the testatrix. As bearing on the question herein discussed, see *McDonald v. Shaw*, 92 Ark. 15 (28 L. R. A. [N. S.] 657), and note; *Charch v. Charch*, 57 O. St. 561; *Cameron v. Parish*, supra; *Havens v. Sackett*, 15 N. Y. 365; *Thompson v. Betts*, 74 Conn. 576 (51 Atl. 564); *Talbott v. Hamill*, 151 Mo. 292 (52 S. W. 203); *Shipman v. Keys*, 127 Ind. 353 (26 N. E. 896); *Mills v. McCaustland*, 105 Iowa 187; *Hainer v. Iowa Legion of Honor*, supra.

III. We next consider the residence property known as "Sevenacres." This property was purchased after the death of E. A. Manchester. It was evidently paid for out of the profits derived from the operation of the Ballingall Hotel when Ella and Natalie were conducting it jointly. At the time of the purchase, the title was taken in the name of Ella. Subsequently, she deeded a one-half interest therein to Natalie.

4. WILLS: rights of devisees: protecting specific devise of real estate.

On the same day on which Ella deeded the one-half interest in this property, the parties entered into another contract, known as Exhibit D, as follows:

"This contract made and entered into this 29th day of July, 1914, by and between Ella J. Manchester and Natalie G. Manchester, both of Ottumwa, Wapello County, Iowa, witnesseth,

that whereas the said Ella J. Manchester has this day conveyed to the said Natalie G. Manchester an undivided one-half interest in the residence property platted and known as 'Sevenacres,' situated in the southwest corner of the northwest quarter of the southwest quarter of Section 7, Township 72, Range 12, Wapello County, Iowa. Also a one-half interest in the Ballingall Hotel equipments and business situated in Ottumwa, Iowa; now, therefore, in consideration of, and as a part of said transactions, it is hereby agreed that said Ella J. Manchester and Natalie G. Manchester are each to occupy said residence property together; said Ella J. Manchester, so long as she may live, and if she should die before the said Natalie G. Manchester, then she, the said Natalie G. Manchester, is to have the right to occupy all of said premises during her natural life; except that in case the said Natalie G. Manchester should marry then she is not entitled to occupy said premises or any part thereof during the lifetime of said Ella J. Manchester.''

In the codicil of her will, Ella provided:

''I further change and modify my said will as follows: It is my desire, and I so will and direct, that my said daughter-in-law, Natalie G. Manchester, shall have the use of the home, the 'Sevenacres,' with all its furnishings so long as she desires to use it as a home. And that after she ceases so to use it, said property, so far as my interest therein is concerned, shall be governed by the other provisions of my will.''

''Sevenacres'' is not mentioned in the will, except that, following the bequest of $10,000 to Natalie, it is stated:

''This bequest is in addition to the half interest in 'Sevenacres' I have heretofore deeded her.''

In Exhibit C it is provided:

''I, Ella J. Manchester, do hereby agree that, at my death, the said Edward A. Manchester, if living, and in case of his death, his said wife, Natalie Manchester, shall inherit all of the property of which I may die seized, either real, personal, or mixed.''

In the opinion on the former appeal (191 Iowa, at 570), we said:

''That the word 'inherit' has a popular use which is the equivalent of 'to take' or 'to receive' must be readily recog-

nized; and that it was used in that sense in this instrument is not fairly open to debate."

Natalie held title to one half of "Sevenacres" by deed. She likewise was entitled to an undivided two thirds in value of the one half that Ella was seized of at the time of her death. This by virtue of Exhibit C. There would remain one third in value of this property, the same as the rest of the estate, which Ella could dispose of by her will. This, and more, she attempted to do. Her object should be carried out, in so far as the same can be done consistently with the rights of all of the parties. We shall discuss the matter further in the next division of this opinion.

Under the terms of the codicil of the will of Ella, it was provided:

"I will and bequeath to my niece, Hazel Norfolk, the store property on East Second Street, being Lot 6 of Graves' Sub. of part of Block 13, in the original plat of the city of Ottumwa, Iowa."

Title to this property was not vested in Natalie. It was vested in Ella. Natalie's interest in the estate, under Exhibit C, was two thirds in value of the entire estate. Ella, therefore, had a right to dispose of the entire estate, both real and personal, as she saw fit, provided that out of the proceeds of the entire estate Natalie received the two thirds in value thereof in accordance with the provisions of Exhibit C. This was the status of the parties. Ella held the fee title. Under Exhibit C, Natalie had what is, in effect, a claim against the entire estate of Ella, to the extent of two thirds thereof. Her relationship to the estate was contractual. The testatrix, Ella, had the power to dispose of the estate in so far as she could do so, consistently with the rights of Natalie under Exhibit C, by placing the same in classes, as specific devises and general and residuary bequests. This she did. The devise to Hazel of the Second Street property was a specific devise. It is a familiar and well established rule that a specific devise of real estate takes precedence over a bequest of money, if the estate is insufficient in amount to carry out in full the terms and provisions of the will. As stated, Natalie did not have any title to this real estate. She had a contractual right, under Exhibit C, to two thirds in value of the

entire estate. The value of the entire estate, including all real and personal property, at the date of the death of Ella, must first be ascertained. From this value of the entire estate should first be deducted the usual, ordinary, and proper costs of administration of the estate. Two thirds of the net value of the estate then remaining should be set off to Natalie. She should be allowed and paid interest thereon at six per cent per annum from the date of the death of Ella from the assets of the estate. If there are not sufficient assets outside of the Second Street property to satisfy the claim of Natalie under Exhibit C, then that property must be resorted to for the purpose of making up the full amount due Natalie under Exhibit C; otherwise not. Natalie's claim under Exhibit C having been satisfied, the specific devise of the Second Street property to Hazel becomes effective. After Natalie has been paid, under Exhibit C, and after the specific devise has been set aside to the devisee Hazel, then the remainder of the estate will be distributed to the other legatees entitled thereto under the will. Abatements will be required to be made pro rata among the legatees.

Since we hold that Natalie was not compelled to elect as between her rights as a claimant under Exhibit C and her rights as a legatee under the will, she can participate in the general assets of the estate as a legatee, with others similarly situated, after the specific devise has been set aside to the devisee Hazel, and after the two thirds in value of the entire estate has been paid to her (Natalie), under Exhibit C. Whether she will receive anything under the will, under these circumstances, will depend upon the total value of the estate.

In determining the matter of costs, the usual, ordinary, and proper costs of administration are first to be deducted from the gross assets of the estate. The amount going to Natalie under Exhibit C is not to be charged with any portion of the attorney fees or court costs incurred in resisting her claim for the establishment of the contract Exhibit C, nor is she to be charged with any extra compensation for the administrator in connection with said litigation. The net amount of the estate from which Natalie's share under Exhibit C is to be paid is not to be ascertained by deducting the items last mentioned, but only by de-

5. EXECUTORS AND ADMINISTRATORS: distribution of estate: apportionment of costs in probate.

ducting from the gross value of the estate the usual and ordinary expenses of administration.

The matter of final adjustment is largely a matter of mathematical calculation, after the value of the estate has been ascertained, as of the date of the death of the testatrix, Ella. The cause will be remanded for such further proceedings on such hearing and proof as may be necessary as the basis for a decree that shall be in accord with this opinion. The costs in this court will be divided equally, one half to be paid by Natalie G. Manchester and one half to be paid by the estate of Ella.—*Reversed and remanded.*

PRESTON, C. J., STEVENS and ARTHUR, JJ., concur.

EVANS, J., dissents as to Division II, in regard to election, and is of the opinion that the Hunter decree is correct in this regard; but concurs in all other respects, and in the result.